UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: EX PARTE APPLICATION OF PRO-SYS CONSULTANTS AND NEIL GODFREY. | Case No.  16-mc-80118-JSC |
| | **ORDER GRANTING REQUEST FOR AN ORDER TO CONDUCT DISCOVERY FOR USE IN A FOREIGN LEGAL PROCEEDING PURSUANT TO 28 U.S.C. § 1782** |
| | Re: Dkt. No. 1 |

Applicants Pro-Sys Consultants and Neil Godfrey (together, "Pro") filed an *ex parte* application to take discovery pursuant to 28 U.S.C. § 1782.  (Dkt. No. 1.)[1]  That statute allows a district court to order a person residing or found within its district to produce documents or provide testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege.  Here, Pro seeks an order granting it permission to issue a subpoena to depose Jean-Louis Gassée in connection with an antitrust proceeding between Pro and Microsoft currently pending in the Supreme Court of British Columbia, Canada.  Upon consideration of Pro's application and the relevant legal authority, the Court GRANTS the application.

## BACKGROUND

Pro is the plaintiff in a certified class action now pending in the Supreme Court of British Columbia, Vancouver Registry, Canada (the "Canadian Court").  In the case, *Pro-Sys Consultants and Neil Godfrey v. Microsoft Corp. and Microsoft Canada Co./Microsoft Canada CIE*, No. LO43175 (the "Canadian Action"), Pro alleges that Microsoft engaged in anticompetitive conduct globally with respect to the markets for operating systems, middleware, and applications software

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

1    from 1988 to the present.  (*See* Dkt. No. 2 ¶ 2; *id.* at 6-48.)  Microsoft denies the allegations.  (*See*

2    Dkt. No. 2 at 50-83; Dkt. No. 2-1 at 1-14.)  In connection with the Canadian Action, Pro seeks to

3    subpoena Jean-Louis Gassée, former executive at Apple Computer, and the founder of Be, Inc.

4    ("Be") and creator of the BeOS operating system ("BeOS").  (Dkt. No. 2 ¶ 4; Dkt. No. 2-1 at 16-

5    19.)  Pro argues that Mr. Gassée possesses first-hand knowledge of the effect of Microsoft's

6    restrictive Original Equipment Manufacturer ("OEM") licensing practices on Be, BeOS, and the

7    operating systems software market more generally.  In support of this assertion, Pro relies on

8    articles by and about Mr. Gassée from 1999 and 2000 describing Be and BeOS and findings of

9    fact following an antitrust bench trial against Microsoft in the United States District Court for the

10   District of Columbia in 1999, which references BeOS's struggles to enter the market due to

11   Microsoft's OEM practices.  (*See* Dkt. No. 1 at 2; Dkt. No. 2 ¶¶ 5-7; Dkt. No. 2-1 at 21-35.)

12   Based on this information, Robert J. Gralewski, Jr. ("Mr. Gralewski"), counsel for Pro avers that it

13   "believes in good faith that testimony from Mr. Gassée will assist [Pro] in proving the allegations

14   against Microsoft regarding its anticompetitive conduct in relevant software products markets."

15   (Dkt. No. 2 ¶ 8.)

16          Based on property records showing that Mr. Gassée owns property in San Francisco and

17   the website of a San Francisco and Palo Alto company listing Mr. Gassée as a partner, Pro's

18   counsel believes Mr. Gassée resides in this District.  (Dkt. No. 2 ¶¶ 8-9; Dkt. No. 2-1 at 37-40, 42-

19   43.)  The Canadian Court has expressed approval of Pro's right to conduct depositions via Section

20   1782, noting that the admissibility of the Section 1782 deposition testimony at trial is a separate

21   question and that parties need not obtain leave of the Canadian Court to seek or conduct the

22   Section 1782 depositions.  (Dkt. No. 2-1 at 46-53 ¶¶ 24, 26-27.)

23          Pro filed the pending application on May 27, 2016.  (Dkt. No. 1.)  It asks the Court to grant

24   the application and to appoint Mr. Gralewski as Commissioner and authorize him with the power

25   to issue a subpoena for deposition testimony on Mr. Gassée.  There is no indication that Mr.

26   Gassée is aware of or takes any position on the pending application.

27                                          **LEGAL STANDARD**

28          Section 1782(a) provides, in pertinent part:

United States District Court
Northern District of California

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a).  A litigant in a foreign action qualifies as an "interested person" under Section 1782.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004).  To apply for discovery pursuant to Section 1782, a formal proceeding in the foreign jurisdiction need not be currently pending, or even imminent.  *Id.* at 258-59.  Instead, all that is necessary is that a "dispositive ruling" by the foreign adjudicative body is "within reasonable contemplation."  *Id.* at 259 (holding that discovery was proper under Section 1782 even though the applicant's complaint was still only in the investigative stage).   When it comes to requests directly from foreign courts, district courts typically handle Section 1782 discovery requests in the context of an *ex parte* application for an order appointing a commissioner to collect the information.  *See In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) (holding that the subpoenaed parties may object and exercise due process rights by bringing motions to quash the subpoenas after the court issues a Section 1782 order); *see, e.g.*, *In re Request for Int'l Judicial Assistance from the Nat'l Ct. Admin. of the Republic of Korea*, No. C15-80069 MISC LB, 2015 WL 1064790, at *2 (N.D. Cal. Mar. 11, 2015) (granting *ex parte* application for a Section 1782 order); *In re Request for Int'l Judicial Assistance from the 16th Family Ct. of the Supreme Ct. of Justice of the Fed. Dist.*, No. 14-mc-80083-JST, 2014 WL 1202545, at *1 (N.D. Cal. Mar. 19, 2014) (same).  The same is generally true for Section 1782 applications brought by private parties.  *See, e.g.*, *Mak v. For the Issuance of Discovery in Aid of Foreign Proceeding Pursuant to 28 U.S.C. 1782*, No. C 12-80118 SI, 2012 WL 2906761, at *1-2 (N.D. Cal. July 16, 2012) (denying motion to quash after having granted ex parte application for deposition subpoena under Section 1782); Order, *In re Gianasso*, No. 3:12-mc-80029 (N.D. Cal. Feb. 28, 2012), ECF No. 6; Order, *In re Am. Petroleum Inst.*, No. 5:11-mc-80008 (N.D. Cal. Apr. 7, 2011), ECF No. 6.  However, courts in this District have sometimes adjudicated a Section 1782 discovery request from a private

United States District Court
Northern District of California

1    party solely after service on the proposed respondent and an opportunity to respond.  *See, e.g.*,

2    Order, *In re Application of Akebia Therapeutics, Inc.*, No. 14-mc-80294-JD (N.D. Cal. Oct. 24,

3    2012), ECF No. 5; Order, *Cryolife, Inc. v. Tenaxis Med., Inc.*, No. C-08-05124 HRL (N.D. Cal.

4    Jan. 13, 2009).

5         Either way, the court retains wide discretion to grant discovery under Section 1782.  *See*

6    *Intel*, 542 U.S. at 260-61.  In exercising its discretion, the court considers the following factors: (1)

7    whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2)

8    "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the

9    receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial

10   assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering

11   restrictions or other policies of a foreign country or the United States"; and (4) whether the request

12   is "unduly intrusive or burdensome."  *Id.* at 264-65; *see also In re Request for Judicial Assistance*

13   *from the Seoul Dist. Crim. Ct.*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted) (noting that

14   the only requirements explicit in the statute are that the request be made by a foreign or

15   international tribunal, and that the testimony or material requested be for use in a proceeding in

16   such a tribunal, but also holding "that the investigation in connection with which the request is

17   made must related to a judicial or quasi-judicial controversy").

18        "A district court's discretion is to be exercised in view of the twin aims of [Section] 1782:

19   providing efficient assistance to participants in international litigation, and encouraging foreign

20   countries by example to provide similar assistance to our courts."  *Nat'l Ct. Admin. of the Republic*

21   *of Korea*, 2015 WL 1064790, at *2 (citing *Schmitz v. Bernstein Libehard & Lifshitz, LLP*, 376

22   F.3d 79, 85 (2d Cir. 2004)).  The party seeking discovery need not establish that the information

23   sought would be discoverable under the foreign court's law or that the U.S. would permit the

24   discovery in an analogous domestic proceeding.  *See Intel*, 542 U.S. at 247, 261-63.

25                                        **ANALYSIS**

26   **A.    Statutory Authority**

27        Pro's application satisfies the minimum requirements of Section 1782.  First, Mr. Gassée

28   appears to reside in San Francisco, California, which is in this District.  Second, the requested

United States District Court
Northern District of California

4

discovery is for use in a Canadian lawsuit, which is a proceeding before a foreign tribunal.  With respect to the third factor, Section 1782 plainly states that discovery orders may issue upon the request of either a foreign tribunal or an interested party.  28 U.S.C. § 1782(a).  An "interested person" seeking to invoke the discovery mechanism of Section 1782 may include "litigants before foreign or international tribunals . . . as well as any other person . . . [who] merely possesses a reasonable interest in obtaining [judicial] assistance."  *Intel*, 542 U.S. at 256-57 (quotation marks and citation omitted).  Applicants are parties to the foreign proceedings underlying this case; indeed, they are the plaintiffs that seek to challenge Microsoft's alleged anticompetitive conduct. (*See* Dkt. No. EX A.)  Accordingly, Pro has a "reasonable interest" in obtaining judicial assistance and, therefore, may apply for judicial assistance pursuant to Section 1782.  *See Akebia Therapeutics, Inc. v. Fibrogren, Inc.*, 793 F.3d 1108, 1110 (9th Cir. 2015).  Lastly, the instant *ex parte* application is an acceptable method of requested discovery under Section 1782, *see Tokyo Dist., Tokyo, Japan*, 539 F.2d at 1219, notwithstanding the minority approach of delaying adjudication until the respondent has an opportunity to object.

**B.    Discretion**

The Court finds good cause to exercise its discretion to authorize the requested discovery. Mr. Gassée is not a party to the Canadian Action, and therefore his testimony about the effect of Microsoft's restrictive OEM licensing practices on Be, BeOS, and the operating systems software market is unattainable absent Section 1782(a) aid.  Its order addressing Section 1782 depositions demonstrates that the Canadian Court is receptive to the assistance of United States District Courts and that the request is not an attempt to circumvent proof-gathering restrictions in either Canada or the United States.  Each of these factors supports a finding of good cause to grant the requested discovery.

As for whether the request is unduly burdensome or intrusive, the proposed subpoena is limited to topics relating to Be and BeOS and topics that touch on the effect that Microsoft and its OEM licenses had on Be's work in the internet market.  (*See* Dkt. No. 2-1 at 58.)  The subpoena does not seek to inquire broadly into Mr. Gassée's business or personal matters but only his role as founder and creator of Be and BeOS.  On the other hand, Mr. Gassée has not had an opportunity to

United States District Court
Northern District of California

respond to the application or to raise any arguments about the burden or intrusion the subpoena imposes on him.  But the Ninth Circuit has held that applications for subpoenas pursuant to Section 1782 may be filed ex parte because "[t]he witnesses can . . . raise[ ] objections and exercise[ ] their due process rights by motions to quash the subpoenas." *In re Letters Rogatory from Tokyo Dist.*, 539 F.2d at 1219.  Mr. Gassée shall therefore have 30 calendar days after the service of the subpoena to contest it.  The return date on the subpoena shall therefore be set 30 days after service.

**CONCLUSION**

For the reasons described above, the Court GRANTS Pro's application and appoints Robert J. Gralewski, Jr., as Commissioner and authorizes him to serve the proposed deposition subpoena on Mr. Gassée.  The return date of the subpoena shall be set after the expiration of the 30-day period to allow Mr. Gassée to contest the subpoena if he desires.  Should Mr. Gassée file a motion to quash, this action shall automatically be reopened.

This Order disposes of Docket Number 1. The Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: June 3, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge