UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: EX PARTE APPLICATION OF PRO-SYS CONSULTANTS AND NEIL GODFREY. | Case No. 16-mc-80118-JSC<br><br>**ORDER GRANTING LEAVE TO SERVE SUBPOENA BY ALTERNATE MEANS**<br><br>Re: Dkt. No. 4 |

Applicants Pro-Sys Consultants and Neil Godfrey (together, "Pro") previously filed an *ex parte* application pursuant to 28 U.S.C. § 1782 for permission to issue a subpoena to depose Jean-Louis Gassée ("Gassée") in connection with an antitrust proceeding between Pro and Microsoft currently pending in the Supreme Court of British Columbia, Canada. (Dkt. No. 1.[1]) The Court granted Pro's application on June 3, 2016. (Dkt. No. 3.) Despite numerous attempts, Pro has had difficulties personally serving Gassée with the subpoena and thus seeks leave from the Court to serve him by alternate means; namely, by delivering the subpoena via overnight courier to Gassée's residence. (Dkt. No. 4.) After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS Pro's motion for leave the subpoena by alternate means.

## BACKGROUND

The Court previously discussed the factual background of the case in its order granting Pro's Section 1782 application and incorporates that discussion herein. (Dkt. No. 3 at 1-2.) Since the Court granted Pro's application in June 2016, Pro has made various attempts through a process

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1   server and through counsel to contact Gassée and serve him with a subpoena. From June 7, 2016
2   through July 7, 2016, the process server attempted eight different times to serve Gassée at his
3   residence in San Francisco, California. (Dkt. No. 4-1.) During two of those attempts, on June 13
4   and 18, 2016, the process server in fact spoke to Gassée over the phone; each time Gassée
5   indicated he was out of town and would return the following week, though Gassée never followed
6   up with the process server. (*Id.*) Pro's counsel also spoke with Gassée on the phone on June 9,
7   2016, letting Gassée know that Pro intended to serve him with a subpoena. (Dkt. No. 4-2 ¶ 4.)
8   Gassée indicated that he was unwilling to accept service of the subpoena. (*Id.* ¶ 5.) Because of its
9   inability to personally serve Gassée, Pro now moves the Court for leave to serve Gassée by
10  delivering the subpoena via overnight courier to his residence. (Dkt. No. 4.)

**DISCUSSION**

Federal Rule of Civil Procedure 45(b)(1) provides, in relevant part, that "[s]erving a subpoena requires delivering a copy to the named person[.]" The Court previously addressed Rule 45's "delivering" requirement:

> The majority of courts understand "delivering" to require personal service of the subpoena. *See Rijhwani v. Wells Fargo Home Mortg., Inc.*, No. C 13-05881 LB, 2015 WL 848554, at *4 (N.D. Cal. Jan. 28, 2015) (citation omitted); [*S.F. Bay Area Rapid Transit Dist. v. Spencer*, No. C 04-04632 SI, 2006 WL 2734284, at *1 (N.D. Cal. Sept. 25, 2006)] (citations omitted); *Newell v. Cnty. of San Diego*, No. 12cv1696-GPC (BLM), 2013 WL 4774767, at *2 (S.D. Cal. Sept. 5, 2013) (citations omitted); *see also* Wright & Miller, 9A Fed. Practice & Proc. § 2454 (3d ed. 2015) ("The longstanding interpretation of Rule 45 has been that personal service of the subpoena is required."). Thus, "contrary to the practice with regard to the service of a summons and complaint, it is not sufficient to leave a copy of the subpoena at the dwelling place of the witness . . . [and] "unlike service of most litigation papers after the summons and complaint, service on a person's lawyer will not suffice." Wright & Miller, *supra*, § 2454 (collecting cases).
>
> There appears to be a growing—although still minority—trend among courts to allow substitute service of a Rule 45 subpoena, such as mail delivery, so long as the method of service is reasonably calculated to provide timely, fair notice and an opportunity to object or file a motion to quash. *See id.*; *see, e.g.*, *Toni Brattin & Co. v. Mosaic Int'l, LLC*, No. 15-mc-80090-MEJ, 2015 WL 1844056, at *4 (N.D. Cal. Apr. 9, 2015) (granting motion to serve Rule 45 subpoenas by certified mail); *Green v. Baca*, No. CV 02-204744, 2005 WL 283361, at *1 n.1 (C.D. Cal. Jan. 31, 2005) (same (collecting cases)). To that end, "[c]ourts have permitted parties to

serve Rule 45 subpoenas by alternative methods of service[,]" in particular, service by mail. *Toni Brattin & Co.*, 2015 WL 1844056, at *3 (citations omitted). Courts are more inclined to grant such alternative service where the serving party has provided sufficient evidence of its earlier diligence in attempting to effectuate personal service. *Id.* (collecting cases); *see, e.g.*, *id.* (authorizing service by mail where the serving party made earlier attempts to make personal service, failed, and sought in advance leave of court to serve by alternative service).

*Fujikura Ltd. v. Finisar Corp.*, No. 15 MC 80110 HRL JSC, 2015 WL 5782351, at *5 (N.D. Cal. Oct. 5, 2015).

Here, the Court is satisfied that Pro has been diligent in its efforts to effectuate personal service of the subpoena on Gassée. As noted above, a process server attempted service at Gassée's residence on eight separate occasions, and Pro's counsel also spoke with Gassée, who indicated that he would not accept service of the subpoena. Based on these efforts, it appears that Gassée is attempting to evade personal service. "Under these circumstances, the Court finds that Rule 45 should be construed as provided in Rule 1 'to secure the just, speedy, and inexpensive determination of every action,' which would allow for alternate means of service." *Toni Brattin*, 2015 WL 1844056, at *4 (citation omitted). Indeed, the Court "agrees that the Federal Rules of Civil Procedure should not be construed as a shield for a witness who is purposefully attempting to evade service." *Id.* at *3. Accordingly, Pro is permitted to serve Gassée by delivering the subpoena via overnight courier to his residence.

## CONCLUSION

For the reasons stated above, the Court GRANTS Pro's motion for leave to serve its subpoena on Gassée by alternate means. Pro shall serve a copy of this Order on Gassée along with the subpoena.

This Order disposes of Docket No. 4.

**IT IS SO ORDERED.**

Dated: October 14, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

3